# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1163

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeals from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Ronald O. Mages, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

No. 01-1164

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Diane L. Mages, | * |
| | * |
| Appellant. | * |

_____

Submitted: June 12, 2001

Filed: June 25, 2001

_____

Before BOWMAN and HEANEY, Circuit Judges, and KOPF,[1] District Judge.
_____

PER CURIAM.

Ronald O. Mages and Diane L. Mages were convicted in the District Court,[2] after trial by jury, of conspiracy to defraud, bankruptcy fraud, numerous counts of mail fraud and wire fraud, and making false statements. All the counts of conviction related to fraud perpetrated upon the Mageses' bankruptcy creditors and upon the Department of Agriculture. Each of the defendants was sentenced to imprisonment for thirty-three months. They appeal.

For reversal, defendants argue that (1) prosecutorial misconduct deprived them of their Fifth Amendment right to a fair trial, (2) the evidence is legally insufficient to support the convictions, (3) the District Court abused its discretion in ruling that an exculpatory writing signed by one Alfons Ebbers was inadmissible, and (4) the reference in the judgments of conviction to a superseding indictment on which defendants never were arraigned or tried was not harmless error. Having carefully reviewed the case, we conclude that none of these arguments has merit.

At trial, the government's evidence was extensive and entirely sufficient to show the fraud practiced by the Mageses upon their bankruptcy creditors and the Department of Agriculture. The claim of prosecutorial misconduct was rejected by the District Court when it denied defendants' motion for a mistrial; we have conducted our own review of the prosecutor's conduct and agree with the experienced and able trial court that, even applying the high standards to which prosecutors must adhere, the

---

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska, sitting by designation.

[2]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

prosecutor's conduct did not cross over the line into forbidden territory. We note that the trial court sustained objections where proper and in a few instances provided cautionary instructions to the jury. Defendants' due process right to a fair trial was not violated. As to the exclusion of the writing signed by Alfons Ebbers, who had died and therefore was unavailable to testify, the trial court found it lacked indicia of reliability. The court's exclusion of the proffered evidence was not an abuse of its broad discretion to make evidentiary rulings. Finally, the clerical error in the judgments of conviction had no practical impact whatsoever; defendants were convicted on the original indictment and were sentenced accordingly. Thus, the error, which may be corrected by the District Court at any time, see Fed. R. Crim. P. 36, is harmless.

Defendants' convictions and sentences are affirmed. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.